# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6718 | **DATE** | 9/5/2001 |
| **CASE TITLE** | Richard Lafferty vs. Timothy Budz, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/14/01 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Lafferty's application to proceed in forma pauperis is granted. (3-1) The Clerk is directed to issue summons and transmit them to the U.S. Marshal for service of process. This Court appoints Scott J. Szala at Winston & Strawn, 35 W. Wacker Dr., Ste. 4200, Chicago, IL 60601 312.558.5600 to represent the Plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 4 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 SEP -5 PM 4:10 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD LAFFERTY,               )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  01 C 6718
                                )
TIMOTHY BUDZ, et al.,           )
                                )
            Defendants.         )

DOCKETED
SEP 0 6 2001

MEMORANDUM OPINION AND ORDER

Richard Lafferty ("Lafferty") has tendered a self-prepared[1] 42 U.S.C. §1983 ("Section 1983") Complaint against a group of persons and organizations affiliated with the Illinois Department of Human Services Treatment and Detention Facility ("Facility"), where Lafferty is now in custody in the Joliet Correctional Center Annex pursuant to the Illinois Sexually Violent Person Program, 725 ILCS 207/40. Lafferty accompanies his Complaint with an Application To Proceed Without Prepayment of Fees ("Application"), but the Facility's personnel have given him only a printout of transactions in his trust fund account during a single quarter (from October 1 through December 31, 2000). That does not at all conform to the statutory requirement of 28 U.S.C. §1915(a)(2), which calls for such information covering the six-month period immediately preceding the filing of a complaint.

---

[1] To be more precise, Lafferty has used the form of complaint provided by this District Court's Clerk's Office for use by persons in custody, providing all of the requested information by typewritten inserts.

Accordingly the authorities are ordered promptly to provide such information for the entire current year, from January 1, 2001 to as recent a date as possible--with copies to be sent both to Lafferty and to this Court at the following address:

> Honorable Milton I. Shadur
> United States District Court
> 219 South Dearborn Street
> Room 2388
> Chicago IL 60604

Because that omission is not attributable to Lafferty, and to avoid delays in processing Lafferty's lawsuit, this Court grants the Application now. As and when the requested information is in hand, an appropriate order will be entered covering both the initial payment on account of the $150 filing fee and the arrangements for future installments.

This opinion turns then to Lafferty's substantive allegations.[2] What Lafferty charges is that as part of his assigned job as a member of the "floor crew" at the Facility, he was ordered to strip the Health Care floor of its existing floor wax coating and then to rewax the floor. Even though he warned that the conditions were unsafe, that proper equipment for the job was lacking and that prior precautions had to be taken, his

---

[2] According to Complaint ¶III, Lafferty attempted to file an administrative grievance, only to be told that his claim was a non-grievable matter, with no appeal procedure available. Thus he has satisfied the 42 U.S.C. §1997e precondition that a prisoner must exhaust any available administrative remedies before filing suit.

2

concerns were ignored because of a scheduled impending tour of the Facility for which the authorities wanted the floor work to be completed.

Under threat that he would lose his job if he did not comply, Lafferty went ahead as ordered. Sure enough, he slipped and fell on the new stripping materials, suffering a shattered tooth, a severely cut and punctured lip and another damaged tooth. That required his treatment in the St. Joseph's Hospital emergency room and then the removal of one of his front teeth "as it was only hanging on by the nerve still attached to that tooth."

Those allegations call into play Section 1983's "deliberate indifference" standard for prison conditions cases, as enunciated in Farmer v. Brennan, 511 U.S. 825, 837 (1994). Farmer, id. requires that "the official knows of and disregards an excessive risk to inmate health or safety" and goes on to define that requirement by stating "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" (id.). With all reasonable inferences being drawn in Lafferty's favor, as they must be (particularly for a pro se litigant under the combined force of Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), that states a claim sufficient to call for the action

3

to proceed and for a lawyer to be appointed to represent Lafferty pro bono publico to protect his interests.

Accordingly this Court has obtained the name of the following member of the trial bar, who is appointed for that purpose:

>   Scott J. Szala, Esq.
>   Winston & Strawn
>   35 West Wacker Drive, Suite 4200
>   Chicago IL 60601
>   312.558.5600

This action is also being set for an initial status hearing date at 9 a.m. November 14, 2001, in the anticipation that most if not of all of the defendants should have been served and filed their responsive pleadings by that date.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 5, 2001

4